UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYEHIMBA A. ADEYEMI,<br>*Plaintiff,*<br><br>*v.*<br><br>WARDEN PETER MURPHY, et al.,<br>*Defendant.* | Civil No. 3:12CV960 (JBA)<br><br><br>December 11, 2012 |

**RULING AND ORDER**

Plaintiff Tyehimba Adeyemi, currently incarcerated at Corrigan Correctional Institution in Uncasville, Connecticut ("Corrigan"), has filed a complaint [Doc. # 1] *pro se* under 42 U.S.C. § 1983.  He sues Warden Peter Murphy; Correctional Officers Allen, Perez, and Sanchez; Librarian Boss; and Mailroom Clerks Bill Doe, Don Doe, and Eric Nollis. Plaintiff states that all of the defendants are employed at MacDougall Correctional Institution ("MacDougall").  For the reasons set forth below, the complaint is dismissed. As a preliminary matter, the Court addresses Plaintiff's motions for prejudgment remedy [Doc. # 3], for default {Doc. # 5], and for joinder [Doc. ## 11, 13].

    **I.**    **Motion for Default [Doc. # 5]**

Plaintiff seeks to default Defendants for failure to plead.  The complaint has not been served on Defendants.  Thus, Defendants are not in default for failure to appear or plead.  The motion for default is denied.

    **II.**    **Motions for Joinder [Doc. ## 11, 13]**

Plaintiff filed two motions for joinder of claims.  After reviewing both motions, the Court cannot discern any new claims that Plaintiff seeks to add to the complaint. Accordingly, the motions for joinder are denied.

### III. Motion for Prejudgment Remedy [Doc. # 3]

Plaintiff seeks a prejudgment remedy against the defendants in the amount of $17,000.00 per defendant. He asks the Court to enter a prejudgment lien against Defendants' property to secure this sum.

Rule 64 of the Federal Rules of Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co., Ltd. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980). Rule 64 provides in pertinent part:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought.

Fed. R. Civ. P. 64. Connecticut General Statutes § 52-278a *et seq.* governs prejudgment remedies and "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if Plaintiff follows the statutory procedures designed to protect the defendant." *Cordoba*, 494 F. Supp. at 186. Connecticut General Statutes § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy. A prejudgment remedy may be obtained when Plaintiff establishes that there is probable cause to sustain the validity of his claims. *See* Conn. Gen. Stat. § 52-278d.

Connecticut General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or in equity . . . unless he complied with the provisions of sections 52-278a to 52-278g inclusive." Conn. Gen. Stat. § 52-278c requires that an affidavit be submitted with the application for prejudgment remedy. *See* Conn. Gen. Stat. § 52-278c(a)(2); *see also Lauf v. James*, 33 Conn. App. 223, 227–29, 635 A.2d 300, 302–03 (Conn. App. 1993) (holding that section 52-278c(a) requires that an affidavit be submitted with an application for prejudgment remedy in order for the trial court to grant a prejudgment remedy). The affidavit must be "sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff." Conn. Gen. Stat. § 52-278c(a)(2).

Here, Plaintiff has failed to attach an affidavit to his motion. Thus, Plaintiff has failed to comply with Conn. Gen. Stat. § 52-278c(a)(2) and his motion for prejudgment remedy is denied.

To the extent that Plaintiff seeks injunctive relief in the form of an order that Defendants disclose all of their assets to the Court, the motion is denied. Any claim that Defendants might dispose of their assets before the conclusion of the case is speculative at best. Plaintiff has not demonstrated that he will suffer imminent harm if the request for injunctive relief is not granted.

### IV.     Motion for Injunctive Relief [Doc. # 8]

Plaintiff claims that in August 2012, he attempted to mail to this court motions for summary judgment and memoranda of law in support of the motions. The librarian at Corrigan refused to mail the documents because Plaintiff did not have sufficient funds in his inmate account to pay the postage. Plaintiff also attempted to send documents to this

Court in connection with another case. A counselor at Corrigan returned the envelope to Plaintiff for insufficient funds.

The Court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her. *See In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted); *see also* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . is binding only upon the parties to the action."); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

Plaintiff seeks injunctive relief from individuals at Corrigan. Because these individuals are not defendants, the Court lacks jurisdiction to enjoin their conduct. Furthermore, the docket reflects that Plaintiff did file motions for summary judgment, for judgment on the pleadings, and for joinder as well as memoranda in support of those motions, on October 25, 2012.[1] Thus, Plaintiff has not shown that he has been prejudiced by the alleged failure of the librarian and counselor to send the documents to the court in August. For all of the reasons set forth above, the motion for injunctive relief is denied.

---

[1] The docket of *Adeyemi v. Palmieri*, Case No. 12cv1030(JBA) also reflects that Plaintiff filed motions for summary judgment and for judgment on the pleadings, and memoranda in support of those motions in October 2012.

### V.        Complaint

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis. See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Plaintiff asserts that on May 11, 2011, at MacDougall, Defendants Sanchez and Allen conducted a shakedown of his cell. These officers discovered several items that

5

were considered to be contraband.  Plaintiff was transported to the restrictive housing unit and charged with possession of contraband items.  Plaintiff subsequently pleaded guilty to the charges and received disciplinary sanctions.

On May 18, 2011, Plaintiff returned to his cell and discovered that several legal documents were missing, including a memorandum in opposition to a motion for summary judgment and statement of material facts.  In addition, Plaintiff's legal instructional manual, Islamic guides, pamphlets and newspapers, and a dictionary were missing.  Plaintiff wrote to Defendants Allen and Perez.  Officer Perez did not respond and Officer Allen only addressed certain items that had been confiscated from Plaintiff.

Plaintiff filed a grievance.  In response, Defendant Warden Murphy indicated that the items confiscated as contraband had been disposed of pursuant to the Administrative Directive 6.10, the inventory sheet did not list a dictionary as having been confiscated from plaintiff's cell and the legal instructional manual was under review by the Department of Correction's Security Division.  Warden Murphy did not address the other items that were missing from Plaintiff's cell.

Plaintiff filed a level–two appeal of the disposition of his level–one grievance.  The level–two appeal was rejected and the reviewer directed Plaintiff to use a lost property form to recover the non–contraband items.  A lost property form was attached to the disposition of the level–two appeal.  Plaintiff did not appeal the disposition of the level–two grievance.

On July 19, 2011, Plaintiff attempted to send legal mail to the United States District Court.  Mailroom clerks at MacDougall refused to mail the documents because Plaintiff did not have sufficient funds in his prisoner account for postage.  Plaintiff attempted to send the same legal mail to the United States District Court on July 29, 2011.

The mailroom clerks again declined to mail the documents because of insufficient funds in the plaintiff's inmate account to cover postage.

On April 21, 2012, Plaintiff submitted several documents to Librarian Boss and Correctional Officer Sanchez for copying. Plaintiff alleges that defendants Boss and Sanchez read the documents and then confiscated them pursuant to an order from the security division. Plaintiff seeks damages from Defendants.

In order to state a claim for relief under section 1983 of the Civil Rights Act, Page must satisfy a two–part test. First, he must allege facts demonstrating that Defendants acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

### A.   Access to Courts Claim

Plaintiff claims that on May 18, 2011, he became aware that his legal briefs for a case filed in this court, consisting of a memorandum in opposition to a motion for summary judgment and a statement of material disputed factual issues, as well as an instructional legal manual, were missing from his cell. Plaintiff assumes that these documents were confiscated from his cell during a cell search on May 11, 2011, by defendants Sanchez and Perez.

Plaintiff also asserts that in July 2011, defendants Nollis, Bill and Don, mailroom clerks at MacDougall, refused to send out legal mail addressed to this court on two occasions. Plaintiff claims that he was told that he did not have sufficient funds to pay for the postage to send the correspondence.

Plaintiff claims that the removal of documents from his cell and the failure of Defendants Nollis, Bill, and Don to mail his correspondence to the court denied him access to the courts. It is well settled that inmates have a First-Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a claim for denial of access to the courts, a plaintiff is required to demonstrate that the defendant acted deliberately and maliciously and that he suffered an actual injury. *See Lewis*, 518 U.S. at 353. To establish an actual injury, plaintiff must allege facts showing that Defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002).

The Court's docket reflects only one case filed by Plaintiff that was pending in May 2011. In that case, *Adeymi v. UConn Health Center, et al.*, Case No. 08cv1334 (JBA), the defendants moved for summary judgment in January 2011. The Court granted Plaintiff extensions of time to file his response to the motion. On April 11, 2011, Plaintiff filed a forty-three page memorandum in opposition to the defendants' motion for summary judgment and on April 18, 2011, Plaintiff filed a 106-page statement of material facts in dispute. In response to the defendants' reply to his memorandum in opposition to the motion for summary judgment, Plaintiff filed a seventeen-page memorandum on May 2, 2011. The parties were then able to reach an agreement to settle the case and plaintiff signed the stipulation of dismissal on July 20, 2011.

In view of the fact that Plaintiff had already responded to the defendants' motion for summary judgment when the cell search occurred on May 11, 2011, the Court fails to see how Plaintiff was prejudiced by the alleged confiscation of the legal documents in

connection with the defendants' motion for summary judgment.  Plaintiff alleges no facts to support a claim that he was injured by Defendants' conduct in confiscating his legal briefs.

Further, Plaintiff has not demonstrated how the alleged confiscation of his legal instructional manual actually interfered with his access to courts.  The Court notes that since the confiscation of the legal manual, Plaintiff has filed three civil actions in this Court in 2012, including the present action.

Likewise, the fact that Defendants Don, Bill and Nollis did not mail unidentified correspondence to this Court on two occasions in July 2011 does not demonstrate that Plaintiff has been denied access to the courts.  In Count III of his Complaint, Plaintiff alleges that

> The Dept. of Corrections has no respect or regard for inmates['] Constitutional rights. The United States Const. and the Connecticut Const. guarantee prisoner's unfettered access to the Courts. Prisoner's [sic] must not be denied anything necessary to give them an opportunity to present claimed violations. Defendants are in violation of Admin. Dir. 10.7 D (pg. 3) "Additional free correspondence to Courts and attorneys authorized by Unit Administrator based upon reasonable needs of inmate, and Admin. Dir. 10.7 3E, Privileged Correspondence."
>
> Legal correspondence is not in conformity with legal copies, which are afforded negative balances whether you're indigent or not.

(Compl. at 8.)  State of Connecticut Department of Correction Administrative Directive 10.7 D, Inmate Communications, "Cost of Correspondence," provides:

> D. Cost of Correspondence. Each inmate shall pay personal mailing expenses, except an indigent inmate. An indigent inmate, as defined in Administrative Directive 6.10, Inmate Property, shall be permitted the following items free of charge:
> 1.     two (2) social letters per week;

    2.    five (5) letters per month addressed to the court or attorneys, including any request for speedy trial under Sections 54-82c and 54-186 of the Connecticut General Statutes. Additional free correspondence to courts and attorneys may be authorized by the Unit Administrator based upon the reasonable needs of the inmate;

    3.    a writing instrument; and,

    4.    writing paper (no more than 20 sheets of paper to the courts or attorneys per month. Additional sheets of paper to the courts or attorneys may be authorized by the Unit Administrator based upon the reasonable needs of the inmate).

Inmate Communications ¶ 10.7 D, *available at* http://www.ct.gov/doc/LIB/doc/PDF/AD/ad1007.pdf.

Though Plaintiff alleges that Defendants violated section 10.7.D of the Directive on Inmate Communication, that provision only provides that "indigent" inmates "may be authorized" to send "additional free correspondence to courts and attorneys," while the general rule is that "[e]ach inmate shall pay personal mailing expenses." *Id.* Because Plaintiff does not allege that he is an "indigent inmate" as defined by Administrative Directive 6.10,[1] even if his correspondence was not mailed to the Court because he did not have sufficient funds to pay for his "personal mailing expenses," his allegations do not demonstrate any deliberate or malicious conduct by Defendants.

Plaintiff has failed to demonstrate that he suffered an actual injury as a result of the alleged conduct of the mailroom clerks. Accordingly, all claims of denial of access to courts against Defendants Don, Bill, and Nollis due to their alleged failure to mail

---

[1] Administrative Directive 6.10, Inmate Property, states that "an inmate shall be considered indigent when he or she has less than five dollars ($5.00) on account at admission or when the monetary balance in his or her inmate trust account, or in any other known account, has not equaled or exceeded five dollars ($5.00) at any time during the preceding ninety (90) days." Inmate Property ¶ 3.E, *available at* http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0610.pdf.

correspondence to this Court and all claims of denial of access to courts against Defendants Sanchez and Perez due to the alleged confiscation of an instructional legal manual and case–related legal briefs are dismissed.  See 28 U.S.C. § 1915A(b)(1).

### B. Property Claims

Plaintiff alleges that he is entitled to monetary damages because defendants Allen and Perez confiscated his dictionary, instructional legal manual, religious pamphlets and newspapers and legal briefs.  Plaintiff claims that defendant Murphy did not address the confiscation of these non–contraband items.

The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981).

The State of Connecticut provides a remedy for the kind of deprivation Plaintiff alleges.  See State of Connecticut Department of Correction Administrative Directive 9.6(16) (providing that Department of Correction's Lost Property Board shall hear and determine any claim by an inmate who seeks compensation not to exceed $3,500.00 for lost or damaged personal property and that inmate may present the property claim to the Claims Commissioner after the Board denies the claim in whole or in part); Conn. Gen. Stat. § 4-141 et seq. (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission); see also, e.g., S. v. Webb, 602 F. Supp. 2d 374, 386 (D. Conn. 2009) (finding Connecticut has sufficient post–deprivation remedies for seizures of property by state officials). This state remedy is not

rendered inadequate simply because plaintiff anticipates a more favorable and/or speedier remedy in the federal judicial system. *See Hudson*, 468 U.S. at 535.

Plaintiff alleges that in response to the appeal of his grievance regarding the loss of his dictionary, litigation manual, legal briefs, and religious pamphlets and newspapers, the reviewer suggested that he submit a Lost/Damaged Property Investigation Form to the appropriate correctional employee at MacDougall. Plaintiff claims that he filed a Lost/Damaged Property Investigation Form in connection with another piece of lost property in December 2010, but did not receive a response. Thus, he did not file a Lost/Damaged Property Investigation Form in connection with the loss/confiscation of his items of property on May 11, 2011.

The fact that Plaintiff may not have received a response to a different lost property claim does not alone render the Department of Corrections' property claims procedure inadequate. In addition, Plaintiff could file a property claim with the State of Connecticut's Office of the Claims Commissioner. *See* Conn. Gen. Stat. § 4-141 *et seq*. Thus, the property claims against Defendants Allen, Perez, and Murphy are dismissed for failure to state a claim upon which relief may be granted.[2] *See* 28 U.S.C. § 1915A(b)(1).

---

[2] The Court does not construe Plaintiff's loss of religious pamphlets and newspapers as a claim of a violation of his First–Amendment right to the free exercise of religion or his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") because Plaintiff has not alleged facts to support such claims. *See Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 1010) ("Under RLUIPA, a plaintiff must demonstrate that the state imposed a substantial burden on the exercise of his religion"); *Saluhuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006) (a prisoner asserting a free–exercise challenge "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs.")

### C.      Confiscation of Documents Submitted for Copying

Plaintiff asserts that on one occasion in April 2012, he submitted certain documents to be copied and Defendants Boss and Sanchez confiscated the documents at the direction of the Security Division of the Department of Correction.  Plaintiff identifies the documents as a Freedom of Information Act request, a Certificate of Identification from the Department of Justice, a greeting letter from a limited liability company called Omega 17 and a glossary of Uniform Commercial Code terms.

Plaintiff fails to allege that the confiscation of these documents actually interfered with his access to the courts.  Nor does Plaintiff allege how these documents were related to any legal action or constituted constitutionally protected material.  Inmates are not guaranteed the tools "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip–and–fall claims." *Lewis*, 518 U.S. at 355.  Rather, the constitutional right of access to courts is limited to cases in which inmates "attack their sentences, directly or collaterally, and . . . challenge the conditions of their confinement."  *Id.*  Accordingly, Plaintiff has failed to allege that defendants Boss and Sanchez violated his constitutionally or federally protected rights.  The claims against Defendants Boss and Sanchez in connection with the documents submitted for copying on April 23, 2012 are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

### IV.     Conclusion

The Motions for Prejudgment Remedy/Disclosure of Assets [**Doc. # 3**], for Default [**Doc. # 5**], for Preliminary Injunction [**Doc. # 8**] and for Joinder [**Doc. ## 11, 13**] are **DENIED**.  All federal claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The Motions for Summary Judgment [**Doc. # 9**] and for Judgment on the Pleadings [**Doc. # 10**] are **DENIED** as moot.  The Court declines to exercise

13

supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 715–26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

If Plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for Defendants and close this case.

**The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this Ruling and Order to Plaintiff.

IT IS SO ORDERED.

\_\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of December, 2012.